# United States District Court

## for the

## Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Joshua J. Johnson | Case Number: 0980 2:15CR00144-SMJ-5 |

Address of Offender: Absconder

Name of Sentencing Judicial Officer: The Honorable Salvador Mendoza, U.S. District Judge

Date of Original Sentence: September 13, 2016

| | | | |
|---|---|---|---|
| Original Offense: | Bank Fraud, 18 U.S.C. § 1344(1) & (2) | | |
| Original Sentence: | Prison - 9 months<br>TSR - 36 months | Type of Supervision: Supervised Release | |
| Asst. U.S. Attorney: | Allyson Edwards | Date Supervision Commenced: July 18, 2017 | |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: July 17, 2020 | |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 13**: The defendant must allow the probation officer to visit the defendant at reasonable times at his or her home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view. |
| | **Supporting Evidence**: On August 8, 2017, Mr. Joshua Johnson signed his conditions relative to case number 2:15CR00144-SMJ-5, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Johnson was made aware by his U.S. probation officer that he was required to allow the supervising officer to make contacts with him while in the community. |
| | The client is alleged to have violated standard condition number 13 by residing at a place other than the address he provided to U.S. Probation and by not working at his primary place of employment since August 14, 2017. |
| | Specifically, on August 15, 2017, the undersigned officer received a telephone call from the client's girlfriend and sponsor who indicated she had not heard from the client on the day in question to take him to a mandatory appointment with his state community corrections officer that they had previously discussed that morning. The undersigned officer attempted |

multiple telephone calls to the client on the day in question, leaving multiple voice mails, and requesting a return call to schedule a home contact; however, both voice mails went without response.

On both August 16 and 17, 2017, the undersigned officer again made contact with the client's sponsor who indicated she had not seen the client since the morning of August 15, 2017. She was not aware of his current location and he was not responding to her voice mails and text messages.

On August 16, 2017, the undersigned officer left a voice mail and sent a text message to the client directing him to report to U.S. Probation on August 17, 2017, at 8 a.m., however, this directive and voice mail again went without response.

On August 17, 2017, the undersigned officer contacted Coeur d'Alene Windows, where the client was previously employed, and was informed the client had not checked in for work since Monday (August 14, 2017). Mr. Johnson's whereabouts and his current location for contact in the community remains unknown to the undersigned officer.

2  **Standard Condition # 18**: The defendant must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: On August 8, 2017, Mr. Joshua Johnson signed his conditions relative to case number 2:15CR00144-SMJ-5, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Johnson was made aware by his U.S. probation officer that he was required to follow all directives provided by the undersigned officer.

Mr. Johnson is alleged to have violated standard condition number 18 by failing to report to U.S. Probation as directed on August 17, 2017.

Specifically, on August 16, 2017, after being unable to locate or make contact with the client by using his primary contact number or by contacting his sponsor and girlfriend, the undersigned officer left a voice mail from Mr. Johnson on his cell phone directing him to report to U.S. Probation at 8 a.m. on August 17, 2017. As of the writing of this report, Mr. Johnson has failed to report as directed and his current location for contact remains unknown to the undersigned officer.

3  **Special Condition # 19**: The defendant shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the Court. The defendant shall allow reciprocal release of information between the supervising officer and treatment provider. The defendant shall contribute to the cost of treatment according to his ability to pay.

**Supporting Evidence**: On August 8, 2017, Mr. Joshua Johnson signed his conditions relative to case number 2:15CR00144-SMJ-5, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Johnson was made aware by his U.S. probation officer that he was being referred to the contract vendor for a mental health evaluation.

The client is alleged to have violated special condition number 19 by failing to attend his mental health assessment previously scheduled with the provider on August 16, 2017.

> Specifically, on August 16, 2017, the undersigned officer received a phone call from the contract mental health provider who indicated the client had failed to appear for his assessment previously scheduled for August 16, 2017, at 1100 hours.

4 **Special Condition # 22**: The defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

> **Supporting Evidence**: On August 8, 2017, Mr. Joshua Johnson signed his conditions relative to case number 2:15CR00144-SMJ-5, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Johnson was made aware by his U.S. probation officer that he was being referred to the contract vendor for random urinalysis testing, was provided the color in which to listen for on the color line, and was directed to report for testing if and when his color was called.
>
> The client is alleged to have violated special condition number 22 by failing to report for urinalysis testing when his color was called by the contract vendor on August 16, 2017.
>
> Specifically, on August 17, 2017, the undersigned officer received notification from Alcohol Drug Education Prevention and Treatment, that the client failed to appear for random urinalysis testing with the provider on August 16, 2017, following his assigned color being called.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 17, 2017

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[X] The Issuance of a Warrant
[ ] The Issuance of a Summons

Signature of Judicial Officer

08/21/2017
Date